FILED

NOT FOR PUBLICATION

NOV 01 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA SOCORRO GALLEGOS MATIAS; JOSE JIMENEZ MENDOZA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74120 <br><br> Agency Nos. A079-586-738 <br> A079-586-739 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Maria Socorro Gallegos Matias and Jose Jimenez Mendoza, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their request

for a continuance and their application for cancellation of removal.  Our

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, and review de novo claims of due process violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying petitioners' oral request for a second continuance because petitioners did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (considering, among other factors, the nature of the evidence excluded as a result of the denial of a continuance and the number of continuances previously granted). It follows that petitioners' due process challenge fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring agency error for a petitioner to establish a due process violation).

We lack jurisdiction to the extent petitioners challenge the agency's discretionary determination that they failed to demonstrate exceptional and extremely unusual hardship to a qualifying relative. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**